**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BYRON NEAL,<br><br>          Petitioner,<br><br>    v.<br><br>J. ENGLMAN, Warden,[1]<br><br>          Respondent. | Case No. CV 23-2921 CAS (PVC)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation (R&R) is submitted to the Honorable Christina A. Snyder, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**INTRODUCTION**

In April 2023, Byron Neal (Petitioner), a federal prisoner proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2241. ("Petition," Dkt. No. 1). Petitioner also

---

[1] J. Englman, Warden at FCI Terminal Island, where Petitioner is currently housed, is substituted for "Warden," the Respondent named in the Petition. Fed. R. Civ. P. 25(d).

filed a Memorandum of Law in support of his Petition. ("Mem.," Dkt. No. 2). On June 16, 2023, Petitioner filed a Motion to Dismiss the Petition. ("Motion," Dkt. No. 8). On August 29, 2023, Petitioner filed a response to the Motion. ("Resp.," Dkt. No. 12). For the reasons set forth below, it is recommended that the Petition be denied and that this action be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## II.
## PRIOR PROCEEDINGS

In December 2007, a federal grand jury in the Eastern District of Louisiana returned a three-count indictment charging Petitioner for violations of the Federal Controlled Substances Act. *See United States v. Neal*, No. CRIM.A. 07-425, 2015 WL 967552, at *1 (E.D. La. Mar. 4, 2015). In February 2009, a federal grand jury returned a superseding indictment, charging two additional counts for conspiring to murder and tampering with a witness or informant (Counts Four and Five). *See id.* In July 2011, Petitioner pleaded guilty to all charges contained in the superseding indictment. *See id.* at *2. The next day, Petitioner moved to withdraw his guilty pleas, which the court denied and sentenced him to 360 months in the Bureau of Prisons (BOP). *See id.* On appeal, the Fifth Circuit vacated Petitioner's convictions on Counts Four and Five and remanded for re-pleading with respect to those two counts. *See id.* On remand, the district court granted the Government's motion to dismiss those counts. *See id.* at *2 n.1.

In October 2014, Petitioner filed his original § 2255 motion in the Eastern District of Louisiana, which was denied with prejudice in March 2015. (Pet. at 4);[2] *see Neal*, 2015 WL 967552, at *7. In 2016, Petitioner filed a second § 2255 motion in the Eastern District of Louisiana, arguing that his career offender status was unconstitutional in light

---

[2] For ease of reference when citing to the parties' submissions, the Court cites to the CM/ECF-generated page numbers on the Court's docket.

of *Johnson v. United States*, 576 U.S. 592 (2015). (*See* Motion at 5). The district court denied the motion, noting that "Defendant was not sentenced pursuant to the Armed Career Criminal Act, let alone the residual clause of the former 18 U.S.C. § 924(d) at issue in *Johnson*. (*See id.*).

Petitioner, who is now being housed at FCI Terminal Island, in San Pedro, California, filed the instant Petition on April 17, 2023.

### III.
### PETITIONER'S CLAIMS

The Petition raises a single ground for federal habeas relief, arguing that he is actually innocent of the conspiracy or solicitation to murder offense, which the district court used to calculate his sentence guidelines range. (Pet. at 6).

### IV.
### DISCUSSION

A. **The Petition Is a Disguised § 2255 Motion That May Be Brought Only in the Eastern District of Louisiana.**

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). If the Petition falls under § 2255, it must be brought in the jurisdiction of the sentencing court, which here is the United States District Court for the Eastern District of Louisiana. *See id.* ("§ 2255 motions must be heard in the sentencing court"). However, if the Petition falls under § 2241, it must be filed in the custodial jurisdiction, which is the Central District of

3

California. *See id.* ("a habeas petition filed pursuant to § 2241 must be heard in the custodial court").

"Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quoting 28 U.S.C. § 2255(a)). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted); *see Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); *see also Jones v. Hendrix*, 143 S. Ct. 1857, 1869 (2023) ("Section 2255 owes its existence to Congress' pragmatic judgment that the sentencing court, not the District Court for the district of confinement, is the best venue for a federal prisoner's collateral attack on his sentence."). On the other hand, a habeas corpus petition under § 2241 is the appropriate vehicle by which a federal prisoner challenges the manner, location, or conditions of the execution of his sentence. *Hernandez*, 204 F.3d at 864. Accordingly, "[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241 if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).

Here, Petitioner is plainly challenging the legality of his sentence, as he contends that the sentencing court improperly used the conspiracy or solicitation to murder offense to calculate his sentence guidelines range. (Pet. at 6). Accordingly, § 2255 is the

appropriate vehicle for review, and Petitioner's attempt to use § 2241 is not appropriate. Nevertheless, Petitioner argues that because he is "actually innocent" of the conspiracy or solicitation to murder offense, the savings clause of § 2255 applies. (Mem. at 12–23; Resp. at 3).

"Under the savings clause of § 2255, … a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Hernandez*, 204 F.3d at 864–65 (citation omitted); *see* 28 U.S.C. § 2255(e) (stating that an application for a writ of habeas corpus by a prisoner in federal custody must be presented to the sentencing court as a motion under § 2255 "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"). The Ninth Circuit has explained that a remedy qualifies as inadequate or ineffective for purposes of § 2255 only when a petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens*, 464 F.3d at 898 (citation omitted); *accord Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020). A petitioner "must satisfy both of those requirements" to get through § 2255's "escape hatch" and be allowed to file a § 2241 petition in the custodial court. *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012); *accord Marquez-Huazo v. Warden, FCI-Herlong*, No. 22-15787, 2023 WL 2203560, at *1 (9th Cir. Feb. 24, 2023).

Here, Petitioner does not explain what "unobstructed procedural shot" prevented him from making his actual innocence claim on either direct appeal or in his initial § 2255 motion. Furthermore, "§ 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003), *abrogated on other grounds by Jones*, 143 S. Ct. at 1867–68. Nonetheless, Petitioner has not raised a viable actual innocence claim. While he argues that the sentencing court wrongly considered a

5

solicitation to commit murder charge in determining his sentence despite those charges being later dismissed  (Pet. at 6), he provides no evidence that he was actually innocent of solicitation to commit murder.[3]  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *accord Muth*, 6765 F.3d at 819; *see generally Gandarela v. Johnson*, 286 F.3d 1080, 1085 (9th Cir. 2002) (Petitioner must demonstrate that he "is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error.") (citation omitted).  Accordingly, because Petitioner has had an unobstructed opportunity to present his actual innocence claim to the sentencing court and has failed to demonstrate *factual* innocence, the § 2255 escape hatch does not apply.  For this reason, the Petition must be construed as a § 2255 motion, not a habeas petition under § 2241.  Accordingly, it must be brought in the jurisdiction of the sentencing court, which is the Eastern District of Louisiana.

### B.   The Petition Is Successive.

"A petitioner is generally limited to one motion under § 2255[ ] and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).  "A prisoner may not bring a second or successive § 2255 motion in district court unless 'a panel of the appropriate court of appeals' certifies that the motion contains: '(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law,

---

[3] In his response, Petitioner argues that "his conspiracy to murder should be dismissed because the Court erred in charging with him an offense in which [he] is actually innocent." (Resp. at 3).  But after the the Fifth Circuit vacated Petitioner's convictions on Counts Four and Five, the district court granted the Government's motion to dismiss those counts. *Neal*, 2015 WL 967552, at *2 & n.1.

6

made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Harrison*, 519 F.3d at 955 (quoting 28 U.S.C. § 2255(h)). Because Petitioner has already filed a § 2255 motion, *see supra* § II, the Petition, construed as a § 2255 motion, is successive. The record does not reflect that Petitioner sought or obtained permission from the Fifth Circuit to file this instant § 2255 motion. Accordingly, unless and until Petitioner obtains such authorization, no district court has jurisdiction to hear his claims.

### C. The Petition Should Be Dismissed Rather Than Transferred Because It Is Time-Barred.

"When a second or successive … § 2255 claim is filed in the district court without the required authorization from [the court of appeals], the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Walters v. Ignacio*, 97 F. App'x 751, 752 (9th Cir. 2004) (rejecting claim that district court erred in dismissing successive petition rather than transferring it). Transfer of civil actions among federal courts to cure jurisdictional defects is appropriate if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. 28 U.S.C. § 1631; *see Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001) (noting that § 1631, the federal transfer statute, "is applicable in habeas proceedings"). Here, transfer of the Petition to the Fifth Circuit is not in the interest of justice because Petitioner's claims appear to be time-barred and, thus, transfer of the Petition would be futile.[4] *See,*

---

[4] Petitioner was sentenced on October 27, 2011, and on January 28, 2013, the Fourth Circuit Court of Appeals affirmed the sentences imposed on Counts One through Three and vacated the convictions on Grounds Four and Five. *Neal*, 2015 WL 967552, at *2; *United States v. Neal*, 509 F. App'x 302, 313 (5th Cir. 2013). On October 7, 2013, the

7

*e.g., Real v. California*, 2018 WL 3219651, at *1 (C.D. Cal. June 28, 2018) (refusing to transfer untimely petition because it "would not be in the interest of justice). Accordingly, it is recommended that the Petition be dismissed for lack of jurisdiction.

### D. The Dismissal Should Be Without Prejudice.

"A jurisdictional dismissal is not a judgment on the merits." *Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990); *accord Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017); *see Manant v. United States*, 498 F. App'x 752 (9th Cir. 2012) ("Dismissal of the Manants' action without prejudice was proper because the district court lacked jurisdiction …."). A court ordering a dismissal based upon lack of subject matter jurisdiction "retains no power to make judgments relating to the merits of the case," or even "to rule alternatively on the merits of a case." *Wages*, 915 F.2d at 1234 (citation omitted). Thus, "where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." *Hernandez v. Conriv Realty Associates*, 182 F.3d 121, 123 (2d Cir. 1999); *see Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006) ("A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice."). Consequently, the Court must dismiss the Petition without prejudice.

---

Supreme Court denied certiorari. *Neal v. United States*, 571 U.S. 871 (2013). The conviction therefore became "final," and the one-year statute of limitations began to run. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Accordingly, absent tolling, to which Petitioner has not shown an entitlement, the statute of limitations expired on October 7, 2014, over eight years before Petitioner filed this action.

## V.

## RECOMMENDATION

For the reasons discussed above, IT IS RECOMMENDED that the District Court issue an Order: (1) accepting and adopting this Report and Recommendation and (2) directing that Judgment be entered dismissing this action without prejudice for lack of jurisdiction.

DATED: September 11, 2023

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE