O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON NEAL,<br><br>           Plaintiff,<br><br>    v.<br><br>J. ENGLMAN, Warden,<br><br>           Defendant. | Case No. 2:23-cv-02921-CAS (PVC)<br><br>**ORDER APPROVING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus (dkt. 1, the "Petition"), all of the records herein, the Report and Recommendation of United States Magistrate Judge (dkt. 14, the "Report"), and Petitioner's Response to the Magistrate Judge's Report and Recommendation (dkt. 17, the "Response"). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated. Having completed its review, the Court accepts the findings and recommendations set forth in the Report.

1

## II. BACKGROUND

In December 2007, a federal grand jury in the Eastern District of Louisiana returned a three-count indictment charging petitioner for violations of the Federal Controlled Substances Act. See United States v. Neal, No. CRIM.A. 07-425, 2015 WL 967552, at *1 (E.D. La. Mar. 4, 2015). In February 2009, a federal grand jury returned a superseding indictment, charging petitioner with two additional counts for conspiring to murder and tampering with a witness or informant (Counts Four and Five). See id. In July 2011, Petitioner pleaded guilty to all charges contained in the superseding indictment. See id. at *2. The next day, Petitioner moved to withdraw his guilty pleas, which the court denied. The Court sentenced petitioner to 360 months in the Bureau of Prisons (BOP). See id. On appeal, the Fifth Circuit vacated Petitioner's convictions on Counts Four and Five and remanded for re-pleading with respect to those two counts. See id. On remand, the district court granted the Government's motion to dismiss those counts. See id. at *2 n.1.

In October 2014, Petitioner filed his original § 2255 motion in the Eastern District of Louisiana, which was denied with prejudice in March 2015. Petition at 4; 2 see Neal, 2015 WL 967552, at *7. In 2016, Petitioner filed a second § 2255 motion in the Eastern District of Louisiana, arguing that his career offender status was unconstitutional in light of Johnson v. United States, 576 U.S. 592 (2015). See Motion at 5. The district court denied the motion, noting that "Defendant was not sentenced pursuant to the Armed Career Criminal Act, let alone the residual clause of the former 18 U.S.C. § 924(d) at issue in Johnson." See id.

Petitioner, now being housed at FCI Terminal Island in San Pedro, California, filed the instant Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on April 17, 2023.

///

///

2

### III. LEGAL STANDARD

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). If the Petition falls under § 2255, it must be brought in the jurisdiction of the sentencing court, which here is the United States District Court for the Eastern District of Louisiana. See id. ("§ 2255 motions must be heard in the sentencing court"). However, if the Petition falls under § 2241, it must be filed in the custodial jurisdiction, which is the Central District of California. See id. ("a habeas petition filed pursuant to § 2241 must be heard in the custodial court").

"Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting 28 U.S.C. § 2255(a)). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted); see Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); see also Jones v. Hendrix, 143 S. Ct. 1857, 1869 (2023) ("Section 2255 owes its existence to Congress' pragmatic judgment that the sentencing court, not the District Court for the district of confinement, is the best venue for a federal prisoner's collateral attack on his sentence.").

On the other hand, a habeas corpus petition under § 2241 is the appropriate vehicle by which a federal prisoner challenges the manner, location, or conditions

of the execution of his sentence. Hernandez, 204 F.3d at 864. Accordingly, "[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241 if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (emphasis added).

As noted above, the savings clause of § 2255(e) provides that "a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Hernandez, 204 F.3d at 864–65 (citation omitted); see 28 U.S.C. § 2255(e) (stating that an application for a writ of habeas corpus by a prisoner in federal custody must be presented to the sentencing court as a motion under § 2255 "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"). The Ninth Circuit has explained that a remedy qualifies as inadequate or ineffective for purposes of § 2255 only when a petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Stephens, 464 F.3d at 898 (citation omitted); accord Allen v. Ives, 950 F.3d 1184, 1188 (9th Cir. 2020). A petitioner "must satisfy both of those requirements" to get through § 2255's "escape hatch" and be allowed to file a § 2241 petition in the custodial court. Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012); accord Marquez-Huazo v. Warden, FCI-Herlong, No. 22-15787, 2023 WL 2203560, at *1 (9th Cir. Feb. 24, 2023). In the context of a § 2255(e) claim, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); accord Muth, 6765 F.3d at 819; see generally Gandarela v. Johnson, 286 F.3d 1080, 1085 (9th Cir. 2002) (Petitioner must demonstrate that he "is

4

innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error.") (citation omitted).

## IV. DISCUSSION

As previously discussed, in order for a custodial court to hear a § 2241 claim via § 2255(e)'s "escape hatch," the petitioner must show that (1) he has a claim of "actual innocence" as to the challenged conviction; and (2) he has not had an "unobstructed procedural shot at presenting that claim." Stephens, 464 F.3d at 898 (citation omitted).

Petitioner brings the instant § 2241 petition, arguing that his sentence is "unconstitutional because he is actually innocent of the conspiracy or solicitation to [commit] murder offense[s] [that] the court used to calculate his sentence guidelines range." Petition at 2. Specifically, he argues that the actual innocence prong is satisfied because Counts 4 and 5 of his superseding indictment were dismissed after his sentencing. Thus, he contends that these counts were improperly used to determine his sentence under the sentencing guidelines.

The magistrate judge found that "the Petition must be construed as a § 2255 motion, not as a habeas petition under § 2241," because "the § 2255 escape hatch does not apply." Report at 6. He specifically found that: (1) petitioner did not explain what "unobstructed procedural shot" prevented him from making his actual innocence claim on either direct appeal or in his initial § 2255 motion; and (2) petitioner has not raised a viable actual innocence claim. Id. The magistrate judge subsequently dismissed the Petition for lack of jurisdiction because petitioner had "already filed a [prior] § 2255 motion" and did not seek or obtain permission from to file the instant § 2255 motion. Id. at 6-7. He also declined to transfer the petition because petitioner's claims "appear to be time-barred and, thus, transfer . . . would be futile." Id. at 7.

5

Petitioner objects that: (1) the Petition falls under the savings clause of § 2255(e); (2) there is ambiguity as to where a § 2255 petition must be filed when a petitioner is no longer incarcerated in the district of conviction; (3) dismissal is unnecessarily punitive when transfer is available; and (4) denial of a petition "based on a technical jurisdictional issue [] contradict[s] the spirit of the statute." Response at 3-7.

The Court agrees with the magistrate judge's findings. As a threshold matter, it appears that the Petition does not fall within the § 2255 "escape hatch" and must therefore be construed as a § 2255 petition. The Ninth Circuit has held that, in order to satisfy the "unobstructed procedural shot" prong, the petitioner "must never have had the opportunity to raise [the claim] by motion." Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003). Here, petitioner has "not explain[ed] what 'unobstructed procedural shot' prevented him from making his actual innocence claim on either direct appeal or in his initial § 2255 motion" filed in the Eastern District of Louisiana in October 2014. Report at 5; see also Neal, 2015 WL 967552, at *7. By way of objection, petitioner argues that "[n]ew evidence or legal decisions *might* have emerged after the petitioner's initial § 2255 motion, which *could* justify revisiting the case." Response at 5 (emphasis added). However, petitioner has not cited any specific evidence or legal decisions to support his objection.[1]

Because the Petition is properly construed as a § 2255 petition, the magistrate judge correctly found that it must be denied as successive. "A petitioner is generally limited to one motion under § 2255[ ] and may not bring a

---

[1] Because the Court finds that Petitioner has failed to meet the "unobstructed procedural shot" prong, it does not address whether Petitioner has met the "actual innocence" prong. Id.

6

'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). "A prisoner may not bring a second or successive § 2255 motion in district court unless 'a panel of the appropriate court of appeals' certifies that the motion contains: '(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting 28 U.S.C. § 2255(h)). Here, petitioner "has already filed a § 2255 motion" and "[t]he record does not reflect that [p]etitioner sought or obtained permission from the Fifth Circuit to file this instant § 2255 motion." Report at 7.

As the magistrate judge observed, when a successive § 2255 claim is filed without the required authorization from the relevant court of appeals, the district court may either dismiss the petition or transfer the matter to the relevant court of appeals if the district court determines it is in the interest of justice to do so under 28 U.S.C. § 1631. Report at 7 (citing In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008)). The Court adopts the magistrate judge's finding that transfer would not be in the interest of justice because petitioner's claims appear to be time-barred. See id. It appears that Petitioner's conviction became final on October 7, 2013, and the relevant statute of limitations therefore expired on October 7, 2014. See id. at 7-8 n.4. Accordingly, the Petition must be dismissed.

V.  **CONCLUSION**

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, IT IS ORDERED that:

7

(1) the Petition is **DENIED**; and (2) Judgment shall be entered dismissing this action.  The Court **DENIES** petitioner's request for a certificate of appealability.

Dated: August 9, 2024

*Christina A. Snyder*
_____
CHRISTINA A. SNYDER
United States District Judge